## THE STATE v. TAYLOR, Appellant,.

Division Two, May 19, 1903.

Appeals: NO BILL OF EXCEPTIONS. Where no bill of exceptions was filed, and no error appears in the record proper, the judgment will be affirmed.

Appeal from Jasper Circuit Court.—*Hon. Jos. D. Perkins*, Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

We have only the record proper before us for consideration, no bill of exceptions having been filed. The charge is made that the information fails to charge defendant with any offense known to the law. This charge is laid in the motion in arrest of judgment and it becomes necessary for us to examine the information with a view to detect error, if any there be. It charges the defendant with making an assault upon one Will Moore, deliberately, premeditatedly, feloniously and of his malice aforethought. It charges the assault to have been made with a deadly weapon, to-wit, a pistol, commonly called a revolver, which said revolver was then and there loaded with gunpowder and leaden balls. It charges that defendant then and there held the deadly weapon in his hand. It charges that defendant then and there feloniously, deliberately, premeditatedly, on purpose and of his malice aforethought, did shoot off and discharge said revolver with leaden balls, at and against the said Will Moore then and there feloniously, on purpose and of his malice aforethought, willfully, deliberately, and premeditatedly giving to the said Will Moore, with the deadly weapon aforesaid, a serious and dangerous wound. It charges that the assault was then and there made with the felonious intent in defendant to then and there kill and murder, against the peace and dignity of the State. All of the essential elements of the crime for which defendant was convicted are charged in the information in a proper manner. The information is drawn under the provisions of section 1847, Revised Statutes 1899, and the verdict is evidently based upon section 1848, for the obvious reason that the jury stated in their verdict that the assault was made by defendant upon Will Moore with intent to kill, but without malice. Section 1848 permits the jury to find defendant guilty of an assault with intent to kill, but without malice. State

v. Grant, 144 Mo. 56. The information is not subject to objection as to form or the manner in which the charge is laid. It conforms to previous rulings of this court on the sufficiency of indictments for an assault with intent to kill. State v. Harris, 34 Mo. 347; State v. Jones, 86 Mo. 623; State v. Phelan, 65 Mo. 547; State v. Little, 67 Mo. 624; State v. Chumley, 67 Mo. 41; State v. Clayton, 100 Mo. 517. The felonious intent is properly charged. State v. Emerich, 87 Mo. 110; State v. Fairlamb, 121 Mo. 137; State v. Smith, 80 Mo. 516.

BURGESS, J.—Defendant was convicted in the circuit court of Jasper county for assault with intent to kill one Will Moore, and his punishment fixed at a fine of one thousand dollars and twelve months' imprisonment in the county jail. He appeals.

No bill of exceptions was filed, hence there is nothing before us for review save and except the record proper, which seems upon an examination to be free from error. We therefore affirm the judgment. All of this Division concur.